PHILIP D. STERN & ASSOCIATES, LLC
ATTORNEYS AT LAW
697 Valley Street, Suite 2d
Maplewood, NJ 07040
(973) 379-7500
Attorneys for Plaintiffs, Natalie A. Williams, Alan J. Setneska and all others similarly situated

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| NATALIE A. WILLIAMS and ALAN J. SETNESKA, individually and on behalf of all others similarly situated, Plaintiffs, vs. PRESSLER AND PRESSLER, LLP, Defendants. | Case 2:11-cv-07296-KSH-PS |
|---|---|

**DISCOVERY DISPUTE PROTOCOL REGARDING DEFENDANT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION**

| 10. | What is the full legal name of one or more individuals with sufficient knowledge, experience or training to be designated by you as your authorized representative to be deposed regarding *Defendant's creation, drafting, and approval of the Template*?<br>[NOTE: The Interrogatories defined "Template" as "the form or template used by Defendant to create the letter sent to Plaintiff, a copy of which appears as Exhibit 4 to the Complaint, which included the sentence 'Proof that the debt has been paid will be sent to the court and a copy to you so that you can advise the credit bureau.'"] |
|---|---|
| **DEFENDANT'S RESPONSE:** *Objection, This interrogatory is improper. Defendant is not responsible to ascertain the plaintiff's meaning from vague and ambiguous language. Additionally this interrogatory is overbroad and would appear to seek information neither relevant to disputed issues of fact or law or the allegations contained within the complaint and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, it seeks information protected by the attorney work product privilege. Notwithstanding said objections and any other* | |

| | |
|---|---|
| *appropriate objections Defendant has not alleged that the letter annexed to the complaint as Exhibit 4 was sent in error or sought to rely on the "bona-fide error" defense. The issue raised by the instant complaint is limited to whether the letter in question is somehow violative of the Fair Debt Collection Practices Act, ("FDCPA" or the "Act") 16 U.S.C. § 1692 et seq.* | |
| **DEFICIENCY:** (1) The objections have no basis and should be withdrawn. If not, Plaintiff will seek to have the Court overrule the objections. <br> (2) Information concerning the "*creation, drafting, and approval of the Template*" is relevant to and may lead to discovery of admissible evidence concerning liability and the measure of statutory damages. <br> Under 15 U.S.C. § 1692k(b), factors to be considered for statutory damages in individual cases are based on "[A] the frequency and persistence of noncompliance by the debt collector, [B] the nature of such noncompliance, and [C] the extent to which such noncompliance was intentional;" and, in class cases, the court also considers "[D] the resources of the debt collector, [and, E] the number of persons adversely affected. <br> The "*creation, drafting, and approval of the Template*" could relate to factors A, B and C. | |
| **REPLY TO DEFICIENCY:** Defendant believes its objection is warranted under the facts and allegations of the instant action. Without waiver of the objections previously made, and in the interest of not arguing for the sake of arguing, Defendant does not maintain institutional records, such as meeting notes or attendance sheets regarding the creation and/or use of any documents and therefore is unable to provide "names" of individuals who may have seen at any particular time any specific language used in any specific letter. | |

| 11. | What procedure was used by Defendant to decide when to send a letter based on the Template? |
|---|---|
| **DEFENDANT'S RESPONSE:** Objection, This interrogatory is improper. Defendant is not responsible to ascertain the plaintiff's meaning from vague and ambiguous language. Additionally this interrogatory is overbroad and would appear to seek information neither relevant to disputed issues of fact or law or the allegations contained within the complaint and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, it seeks information protected by the attorney work product privilege. Notwithstanding said objections and any other appropriate objections Defendant has not alleged that the letter annexed to the complaint as Exhibit 4 was sent in error or sought to rely on the "bona-fide error" defense. The issue raised by the instant complaint is limited to whether the letter in question is somehow violative of the Fair Debt Collection Practices Act, ("FDCPA" or the "Act") 16 U.S.C. § 1692 ||

| |
|---|
| et seq. |
| **DEFICIENCY:** (1) The objections have no basis and should be withdrawn. If not, Plaintiff will seek to have the Court overrule the objections.<br>(2) The procedure used can relate to determining class size or verifying Defendant's representations of class size. Furthermore, the requested information may reveal relevant information as to statutory damages. See the DEFICIENCY section to #10 regarding the statutory factors affecting damages – specifically, "the extent to which such noncompliance was intentional." |
| **REPLY TO DEFICIENCY:** Plaintiff's arguments as to why this information is necessary are specious. The question is was a specific letter with specific language sent out during the time frame in issue. The number of letters sent which meet the criteria set forth is Plaintiff's complaint will determine whether there is a class and if so, the size of that class. Assuming arguendo there was a set criteria for when to use the letter in question, the only fact of concern to the issue of class size is "was the letter sent." We are not litigating intentions but concrete actions. |

| | |
|---|---|
| 12. | What is your net worth and how did you compute it? |
| **DEFENDANT'S RESPONSE:** Objection, This interrogatory is improper and premature and is meant to harass Defendant. Plaintiff has failed to provide any evidentiary support for a proposed class action as of this date and therefore has no basis to seek this information. Defendant will provide the appropriate information when and if a class is certified. ||
| **DEFICIENCY:** The objections have no basis and should be withdrawn. If not, Plaintiff will seek to have the Court overrule the objections. Discovery was not bifurcated; thus, there is no basis to wait for class certification. ||
| **REPLY TO DEFICIENCY:** Pursuant to discussions between counsel, Defendant states that this information due to its confidential nature should be withheld at this time and produced at a later date by agreement of the parties. ||

| | |
|---|---|
| 13. | What is the full legal name of an individual with sufficient knowledge, experience or training to be designated by you as your authorized representative to be deposed regarding Defendant's net worth? |
| **DEFENDANT'S RESPONSE:** Objection, This interrogatory is improper and premature and is meant to harass Defendant. Plaintiff has failed to provide any evidentiary support for a proposed class action as of this date and therefore has no basis to seek this information. Defendant will provide the appropriate information when and if a class is certified. ||
| **DEFICIENCY:** The objections have no basis and should be withdrawn. If not, Plaintiff will seek to have the Court overrule the objections. Discovery was not ||

page **3** of 8

| | |
|---|---|
| bifurcated; thus, there is no basis to wait for class certification. | |
| **REPLY TO DEFICIENCY:** See response to Interrogatory no 12 above. | |

| | |
|---|---|
| 18. | What is the name of your accountant or accounting firm? |
| **DEFENDANT'S RESPONSE:** Objection, This request is improper. This request seeks information neither relevant to disputed issues of fact or law or the allegations contained within the complaint and is not reasonably calculated to lead to the discovery of admissible evidence. Based on these objections, no further response will be made at this time. | |
| **DEFICIENCY:** The objections have no basis and should be withdrawn. In particular, the identity of Defendant's accountant may lead to the discovery of admissible evidence concerning Defendant's net worth. If the objections are not withdrawn, Plaintiff will seek to have the Court overrule the objections. | |
| **REPLY TO DEFICIENCY:** See response to interrogatory no. 13 above. | |

| | |
|---|---|
| 21. | How many complaints were signed by Ralph Gulko and filed in any court on December 17, 2010? |
| **DEFENDANT'S RESPONSE:** Objection. This interrogatory is overbroad and would appear to seek information neither relevant to disputed issues of fact or law or the allegations contained within the complaint and is not reasonably calculated to lead to the discovery of admissible evidence. The instant lawsuit, with no evidentiary support, alleges that Ralph Gulko, Esq. failed to perform his professional responsibilities in regards to the complaint filed naming Plaintiff as a Defendant. No factual basis has been provided for this serious allegation, neither in the complaint nor in subsequent discovery responses made by Plaintiff. This is a singular claim unrelated to anyone else. No further response will be made at this time. | |
| **DEFICIENCY:** The objections have no basis and should be withdrawn. If not, Plaintiff will seek to have the Court overrule the objections. The request seeks relevant evidence or information to lead to discovery of admissible evidence of (A) Defendant's meaningful attorney involvement in the preparation of complaints and (B) whether Mr. Gulko's engaged in an inquiry consistent with his representation made pursuant NJ Court Rules. | |
| **REPLY TO DEFICIENCY:** : Defendant believes its objection is warranted under the facts and allegations of the instant action and its reading of the instant interrogatory. To the extent this interrogatory is understood Defendant does not have ready access to the information requested and states it should not be subjected to making any inquiries in this area absence some showing on the part of Plaintiff that it is warranted as something more than a fishing expedition. Additionally, this request apparently does not take into account the various | |

types of complaints (i.e. wherein Pressler represents a bank on a defaulted credit card as opposed to a third party creditor, where the defaulted account is that of a doctor, lawyer, dentist, accountant, small local business, etc.) and the varied forms of information available for each account and what additional steps are taken by others in addition and in assistance to Mr. Gulko to ascertain the underlying basis for each complaint. Defendant repeats its position that absent any showing other than Counsel's "belief" that there may be an issue, and absent any attempt on behalf of Plaintiff to perform any inquiry on her own, this interrogatory remains overbroad and harassing.

| 22. | How many complaints were signed by Ralph Gulko and filed in any court from December 13, 2010 through December 19, 2010? |
|---|---|

**DEFENDANT'S RESPONSE:** Objection. This interrogatory is overbroad and would appear to seek information neither relevant to disputed issues of fact or law or the allegations contained within the complaint and is not reasonably calculated to lead to the discovery of admissible evidence. The instant lawsuit, with no evidentiary support, alleges that Ralph Gulko, Esq. failed to perform his professional responsibilities in regards to the complaint filed naming Plaintiff as a Defendant. No factual basis has been provided for this serious allegation, neither in the complaint nor in subsequent discovery responses made by Plaintiff. This is a singular claim unrelated to anyone else. No further response will be made at this time.

**DEFICIENCY:** Same DEFICIENCY as #21.

**REPLY TO DEFICIENCY:** See response to interrogatory no. 21 above.

| 23. | How many complaints were signed by Ralph Gulko and filed in any court in December 2010? |
|---|---|

**DEFENDANT'S RESPONSE:** Objection. This interrogatory is overbroad and would appear to seek information neither relevant to disputed issues of fact or law or the allegations contained within the complaint and is not reasonably calculated to lead to the discovery of admissible evidence. The instant lawsuit, with no evidentiary support, alleges that Ralph Gulko, Esq. failed to perform his professional responsibilities in regards to the complaint filed naming Plaintiff as a Defendant. No factual basis has been provided for this serious allegation, neither in the 7 complaint nor in subsequent discovery responses made by Plaintiff. This is a singular claim unrelated to anyone else. No further response will be made at this time.

**DEFICIENCY:** Same DEFICIENCY as #21.

**REPLY TO DEFICIENCY:** See response to interrogatory no. 21 above.

| 24. | How many complaints were signed by Ralph Gulko and filed in any court during 2010? |
|---|---|
| **DEFENDANT'S RESPONSE:** Objection. This interrogatory is overbroad and would appear to seek information neither relevant to disputed issues of fact or law or the allegations contained within the complaint and is not reasonably calculated to lead to the discovery of admissible evidence. The instant lawsuit, with no evidentiary support, alleges that Ralph Gulko, Esq. failed to perform his professional responsibilities in regards to the complaint filed naming Plaintiff as a Defendant. No factual basis has been provided for this serious allegation, neither in the complaint nor in subsequent discovery responses made by Plaintiff. This is a singular claim unrelated to anyone else. No further response will be made at this time. ||
| **DEFICIENCY:** Same DIFICIENCY as #21. ||
| **REPLY TO DEFICIENCY:** See response to interrogatory no. 21 above. ||

## REQUESTS FOR PRODUCTION

Introductory remark: As previously stated to the Court and Plaintiff's Counsel, Defendant's Initial Disclosures were premised on the believe that it was identifying parties and materials that might, depending on subsequent issues raised, and or the existence of materials, prove useful as to the litigation.

| 8. | All sound recordings of telephone conversations in which Plaintiff's counsel was a participant. |
|---|---|
| **DEFENDANT'S RESPONSE:** Objection, This request is improper and frivolous and is designed to harass. Defendant is not responsible to ascertain the plaintiffs' meaning from vague and ambiguous language. To the extent Pressler understands this request it appears to seek information neither relevant to disputed issues of fact or law or the allegations contained within the complaint and is not reasonably calculated to lead to the discovery of admissible evidence. Based on these objections, no further response will be made at this time. ||
| **DEFICIENCY:** There is no basis for objection. If Defendant has recorded telephone conversations with Plaintiff's counsel, they should be provided. ||
| **REPLY TO DEFICIENCY:**<br>[PLAINTIFF'S NOTE: *Defendant did not provide a Reply.*] ||

| 9. | All Documents describing your practice or procedures with respect to sending a letter based on the Template. |
|---|---|
| **DEFENDANT'S RESPONSE:** Objection, This request is improper. Defendant is not responsible to ascertain the plaintiff's meaning from vague and ambiguous ||

| | |
|---|---|
| language. Additionally this request is overbroad and would appear to seek information neither relevant to disputed issues of fact or law or the allegations contained within the complaint and is not reasonably calculated to lead to the discovery of admissible evidence. It seeks information protected by the attorney-client privilege and attorney work product privilege. Based on these objections, no further response will be made at this time | |
| **DEFICIENCY:** The objections have no basis and should be withdrawn and a fully responsive answer provided. If not, Plaintiff will seek to have the Court overrule the objections. The information may reveal information as to class size and statutory damages. | |
| **REPLY TO DEFICIENCY:** Not withstanding prior objections, Defendant will ascertain if such documentation exists and if not advise Counsel of same so as not to continue to argue over none existent materials. | |

| | |
|---|---|
| 14. | All of Your financial statements covering (a) the fiscal year which ended immediately prior to the beginning of the Class Period, and (b) when available, each consecutive fiscal year thereafter up through and including the fiscal year which includes the last day of the Class Period. Financial statements include, but are not limited to, balance sheets, net worth statements, income statements, and profit and loss statements. |
| **DEFENDANT'S RESPONSE:** Objection, This request is improper and frivolous and is designed to harass. Defendant is not responsible to ascertain the plaintiffs' meaning from vague and ambiguous language. To the extent Pressler understands this request it appears to seek information neither relevant to disputed issues of fact or law or the allegations contained within the complaint and is not reasonably calculated to lead to the discovery of admissible evidence. Based on these objections, no further response will be made at this time. | |
| **DEFICIENCY:** The objections have no basis and should be withdrawn and a fully responsive answer provided. If not, Plaintiff will seek to have the Court overrule the objections. There has been no bifurcation in this matter. | |
| **REPLY TO DEFICIENCY:** See response to interrogatory no. 13 above. | |

| | |
|---|---|
| 15. | All Documents reflecting compensation and benefits paid to or on behalf of each person holding an equity, stock, partnership or membership interest in the Responding Party including, without limitation, all dividends, loans, loan payments, charge accounts, expense accounts, salaries, bonuses, commissions, compensation, deferred compensation, remuneration, in-kind transfers, reimbursements, debts and expenses assumed by You, lease or loan payments for automobiles and boats, cellular telephone payments, health insurance payments, life insurance |

|   | payments, disability insurance payments, travel and meal reimbursements, automobile insurance, and memberships in any professional, social, athletic, or volunteer organization. |
|---|---|
|  | **DEFENDANT'S RESPONSE:** Objection, This request is improper, overbroad and frivolous and is designed to harass. Defendant is not responsible to ascertain the plaintiffs' meaning from vague and ambiguous language. To the extent Pressler understands this request it appears to seek information neither relevant to disputed issues of fact or law or the allegations contained within the complaint and is not reasonably calculated to lead to the discovery of admissible evidence. Based on these objections, no further response will be made at this time. |
|  | **DEFICIENCY:** The objections have no basis and should be withdrawn and a fully responsive answer provided. If not, Plaintiff will seek to have the Court overrule the objections. There has been no bfurcation in this matter. |
|  | **REPLY TO DEFICIENCY:** See response to interrogatory no. 13 above |

| 16. | All Documents in your possession concerning the Obligation. |
|---|---|
|  | **DEFENDANT'S RESPONSE:** Objection, This request is improper, overbroad and frivolous and is designed to harass. Defendant is not responsible to ascertain the plaintiffs' meaning from vague and ambiguous language. To the extent Pressler understands this request it appears to seek information neither relevant to disputed issues of fact or law or the allegations contained within the complaint and is not reasonably calculated to lead to the discovery of admissible evidence. Based on these objections, no further response will be made at this time. |
|  | **DEFICIENCY:** The objections have no basis and should be withdrawn and a fully responsive answer provided. If not, Plaintiff will seek to have the Court overrule the objections. The Obligation is the debt for which Defendant sued Plaintiff. |
|  | **REPLY TO DEFICIENCY:** Defendant will review the documents previously produced and to the extent there are additional materials responsive to this request will produce same. [PLAINTIFF'S NOTE: *NO documents have been "previously produced" – this request seeks Defendant's collection file.*] |