PHILIP D. STERN ATTORNEY AT LAW, LLC
697 Valley Street, Suite 2d
Maplewood, NJ 07040
(973) 379-7500
Attorneys for Plaintiffs, Natalie A. Williams, Alan J.
Setneska and all others similarly situated

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATALIE A. WILLIAMS and ALAN J. SETNESKA, individually and on behalf of all others similarly situated, Plaintiffs, <br><br> vs. <br><br> PRESSLER AND PRESSLER, LLP, Defendants. | Case 2:11-cv-07296-KSH-CLW <br><br><br> **APPLICATION FOR APPROVAL OF CLASS NOTICE** |

Plaintiffs, Natalie A. Williams and Alan J. Setneska, hereby apply for approval of notice to the certified class in the form of the attached Exhibit A.

### INTRODUCTION

On September 27, 2013, the Court granted Plaintiffs' motion to certify this case as a class action pursuant to Fed.R.Civ.P. 23(b)(3). ECF No. 53.

During a scheduling conference held on January 29, 2014, Plaintiffs sought, among other things, a mechanism for approval of a proposed notice. Based on the discussion during that conference, Plaintiffs' understanding is that

Defendant agreed to provide the names and addresses of the 75 class members as well as its copy of the letters sent to them which are the subject matter of the class claims.

Nevertheless, there was discussion of at least one disputed issue. The Court indicated that the parties should brief any disputed issues and, in its Order [ECF No. 56] directed submissions by February 21, 2014. This Memorandum and the attached Exhibit A constitute Plaintiffs' submission.

### STANDARD OF REVIEW

Rule 23(c)(2)(B) provides:

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Plaintiffs submit that the proposed notice (attached as Exhibit A) does "clearly and concisely state in plain, easily understood language" each of the

seven subjects enumerated in the Rule.

### LEGAL ARGUMENT

**A.  *Disclosure of Class Recovery*.** During the January 29, 2014 conference, Plaintiffs expressed the desire to provide class members with the range of possible outcomes because that information would permit an informed decision about whether to exercise the right to be excluded from the class. Under the Fair Debt Collection Practices Act, 15 U.S.C. at § 1692k, Defendant's net worth is relevant to the class's maximum recovery. Defendant expressed concern, however, to an explicit disclosure of its net worth.

Subsequent to the January 29, 2014 conference, counsel discussed the issue further. It is Plaintiffs' understanding that Defendant does not object to the notice's disclosure that the class consists of 75 members and the estimated maximum class recovery for the class is $80,000. See, Exhibit A, at pages 5, 7 and 8. Consequently, the range of recovery is disclosed without an expressed disclosure of net worth.

This approach is consistent with notice required in this District in another FDCPA letter case. There, the court required that the class notice include "that the expected recovery for the class is limited by law to $2,750 to be divided among the 227 class members (or such number of members who do not opt out and who submit claims), for a pro rata distribution that may be as small as

approximately $12.11 each." *Stair ex rel. Smith v. Thomas & Cook*, 254 F.R.D. 191, 204 (D.N.J. 2008).

**B. Opt Out Deadline**. The proposed notice set the deadline for opt out as June 30, 2014 on the assumption that an order approving the notice, printing and mailing could be completed by April 30 – leaving class members with about two months to opt out.

**C. Compliance with Fed.R.Civ.P. 23(c)(2)(B)**. Plaintiffs submit that the attached notice provides all of the enumerated categories of information required by the Rule and does so in a clear and concise manner.

## CONCLUSION

For the foregoing reasons, Plaintiffs, Natalie A. Williams and Alan J. Setneska, respectfully request that the Court approve the attached Class Notice and direct Defendant, Pressler and Pressler, LLP to provide its information as to the names and addresses of the class members to Plaintiffs' counsel for the purpose of effectuating notice.

Philip D. Stern Attorney at Law, LLC
Attorneys for Plaintiffs, Natalie A. Williams, Alan J. Setneska and all others similarly situated

*s/Philip D. Stern*

Dated: February 21, 2014                    Philip D. Stern

# EXHIBIT A

# PLEASE TAKE NOTICE

*This Notice is authorized
by the Honorable Kathryn D. Hayden
United States District Judge
for the District of New Jersey*

*This is not a solicitation from a lawyer.*

*Do not be alarmed, you are NOT being sued.*

**According to PRESSLER AND PRESSLER, LLP you were sent a letter, a sample copy of which is attached.**

**A class action lawsuit concerning that letter may affect your rights.**

**It is important that you read this Notice.**

**The lawsuit may result in you receiving up to $1,000.00 or more – but may result in you getting nothing.**

**If you do not want to be part of the Class, you must request, in writing, to be excluded no later than June 30, 2014.**

Questions? Visit http://PresslerClass.PhilipStern.com

- Two individuals sued Pressler and Pressler, LLP ("P&P") alleging deceptive collection practices based on a form letter.

- The Court has allowed the lawsuit to be a class action on behalf of all individuals who received the same form letter.

- The Court has not decided whether P&P did anything wrong. There is no money available now, and no guarantee there will be. However, your legal rights are affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit. Await the outcome. Give up certain rights.** By doing nothing, you keep the possibility of getting money that may come from a trial or a settlement. But, you give up any rights to sue P&P separately about the same legal claims in this lawsuit. |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit. Get no benefits from it. Keep rights.** If you ask to be excluded and money is later awarded, you won't share in the award. But, you keep any rights to sue P&P separately about the same legal claims in this lawsuit. |

- Your options are explained in this Notice. To ask to be excluded, you must act before June 30, 2014.

- Lawyers must prove the claims against P&P at a trial. If money or benefits are obtained from P&P and you have not asked to be excluded, your share will be sent to you.

- **Any questions? Read on.**

---

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ...................................................................4

   1.  Why did I get this notice? ...............................4

   2.  What is this lawsuit about? .............................4

   3.  What is the class action and who is involved?..............4

   4.  Why is this lawsuit a class action?..................5

   5.  What does the lawsuit complaint about? ......................6

   6.  How does Pressler and Pressler, LLP answer? .............7

   7.  Has the Court decided who is right? ............................7

   8.  What are the Plaintiffs asking for?................................7

   9.  Is there any money available now? ...............................9

WHO IS IN THE CLASS .......................................................9

   10. Am I part of this Class? .................................9

   11. Which letter recipients are included?...........................9

   12. Is there anyone not included in the Class?..................10

   13. I'm still not sure if I am included?..............................10

YOUR RIGHTS AND OPTIONS........................................................10

   14. What happens if I do nothing at all? ...........................10

   15. Why would I ask to be excluded? ...............................11

   16. How to I ask the Court to exclude me from the Class?12

THE LAWYERS REPRESENTING YOU ...........................................12

   17. Do I have a lawyer in this case?..................................12

   18  Should I get my own lawyer? .....................................13

   19. How will the lawyers be paid?....................................13

THE TRIAL ..................................................................13

   20. How and when will the Court decide who is right?.....14

   21. Do I have to come to the trial?....................................14

   22. Will I get money after the trial?..................................14

GETTING MORE INFORMATION ......................................................14

   23. Are more details available?........................................14

Questions? Visit http://PresslerClass.PhilipStern.com

| BASIC INFORMATION |
|---|

### 1. Why did I get this notice?

This Notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you.

This lawsuit was brought against P&P. The individuals who brought this case alleged claims based on P&P's use of a certain form letter.

According to P&P's records you received a letter using the same form letter. A sample copy of the letter sent to you is attached to this Notice.

You have legal rights and options that you may exercise *before* the Court holds a trial. For more information about the trial, see "The Trial" section, below.

The trial is to decide whether the claims being made against P&P on your behalf are correct. Judge Katharine S. Hayden of the United States District Court for the District of New Jersey is overseeing this class action. The case is known as:

**Williams, et al. v. Pressler and Pressler, LLP
Civil Action No. 2:11-cv-07296**

### 2. What is this lawsuit about?

This lawsuit is about whether P&P violated a Federal statute which regulates debt collection practices. The Federal statute is the Fair Debt Collection Practices Act or, abbreviated, FDCPA. Details of the claims against the P&P are discussed under Question 5, below.

### 3. What is the class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" (in this case Natalie A. Williams and Alan J.

Questions? Visit http://PresslerClass.PhilipStern.com

Setneska) sue on behalf of other people who have similar claims.

The people together are a "Class" or "Class Members." The individuals who sued—and all the Class Members like them—are called the Plaintiffs. The company they sued (in this case, P&P) is called the Defendant.

In a class action, one court resolves the issues for everyone in the Class—except for those people who choose to exclude themselves from the Class.

### 4.   Why is this lawsuit a class action?

On September 27, 2013, the Court decided that this lawsuit can proceed as a class action and move towards a trial because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that:

- There are 75 individuals to whom P&P sent a letter which offered to resolve a pending collection lawsuit and stated an amount of money which, if paid by a particular date, would end the collection lawsuit and "*Proof that the debt has been paid will be sent to the court and a copy to you so that you can advise the credit bureau.*"

- There are legal questions and facts that are common to each of them.

- The Class Representatives' claims are typical of the claims of the rest of the Class.

- Ms. Williams, Mr. Setneska, and the lawyer representing the Class will fairly and adequately represent the Class's interests.

- The common legal questions and facts are more important than questions that affect only individuals.

- This class action will be more efficient than having many individual lawsuits.

More information about why the Court is allowing this lawsuit to be a class action is in the Court's Order Certifying the Class. You may obtain a copy of that Order as well as other information by following the instructions under Question 23, below.

### 5.   What does the lawsuit complaint about?

In the lawsuit, the Plaintiffs say that P&P violated the FDCPA. They claim that a form letter was false, deceptive and misleading to the least sophisticated consumer. You may obtain a copy of the Plaintiffs' Amended Class Action Complaint Order as well as other information by following the instructions under Question 23, below.

Plaintiffs contend that:

- P&P, as lawyers for New Century Financial Services, Inc. ("NCFSI"), brought a lawsuit against you by filing a complaint in New Jersey state court.
- The complaint alleged that you owed a debt acquired by NCFSI.
- You filed an answer to that complaint.
- P&P did not report any information about the debt to credit reporting agencies.
- NCFSI did not report any information about the debt to credit reporting agencies, or, if it had previously reported information, it deleted all information upon learning that you filed an answer to the complaint.
- P&P sent you the attached letter.
- Each Class Member was sent a similar letter explaining that you could make a single payment by a

specified date and, if you did, the New Jersey state court lawsuit would be dropped.

- A sentence in the letter – "*Proof that the debt has been paid will be sent to the court and a copy to you so that you can advise the credit bureau.*" – was false, and would misled and deceive the least sophisticated consumer to understand that information about NCFSI's claim or the lawsuit appeared in the consumer's credit report.

- In addition, that sentence was false, and would misled and deceive the least sophisticated consumer to understand that, by timely paying the requested sum, the consumer would receive a copy of the "proof that the debt has been paid" which, if sent to a "credit bureau," would improve the consumer's creditworthiness.

### 6.   How does Pressler and Pressler, LLP answer?

P&P denies that it did anything wrong. It says that the letter was not false, deceptive or misleading.

### 7.   Has the Court decided who is right?

The Court hasn't decided whether P&P or the Plaintiffs are correct. By establishing the Class and issuing this Notice, the Court is not suggesting that the Plaintiffs will win or lose.

The Plaintiffs must prove their claims at a trial. For more information about the trial, see "The Trial" section, below.

### 8.   What are the Plaintiffs asking for?

Plaintiffs ask that the Court award $1,000.00 to each of the Class Representatives and a pro rata share of up to approximately $80,000.00, based on the damages limitations on cases brought as class actions under the FDCPA, for the

Questions? Visit http://PresslerClass.PhilipStern.com

Class Members.

The FDCPA permits the Court to enter a judgment in an amount of money for damages when a debt collector unlawfully attempts to collect a debt.

One type of damages compensates for the harm caused by the debt collector. Those are called compensatory damages. Plaintiffs are not asking for compensatory damages because, according to P&P, no one accepted the offer made in the letter.

The FDCPA also allows the Court to award a limited amount of damages when a debt collector acts unlawfully. Those are called "statutory damages." The limits are different for the Class Representatives and for the Class. Based on the facts of this case, the limits are:

- Up to $1,000 to each of the Class Representatives; and
- Up to approximately $80,000 to be shared by Class Members who do not opt out.

When the Court decides the amount of statutory damages, Federal law requires it to consider five factors: (1) the frequency and persistence of noncompliance by the debt collector, (2) the nature of such noncompliance, (3) the resources of the debt collector, (4) the number of persons adversely affected, and (5) the extent to which the debt collector's noncompliance was intentional.

Even if the Court concludes that P&P violated the FDCPA, it will decided whether to award statutory damages and, if so, how much – but no more than $1,000 to each of the Class Representatives and up to approximately $80,000 to be shared by Class Members.

If the Court concludes that P&P did not do anything wrong, then it will not award any damages.

### 9.   Is there any money available now?

No money or benefits are available now because the Court has not yet decided whether P&P did anything wrong, and the two sides have not settled the case. There is no guaranty that money or benefits will be obtained. If the Court decides that P&P violated the FDCPA as alleged and the Court awards statutory damages and you did not exclude yourself from the Class, you will be sent your share.

## WHO IS IN THE CLASS

You are a member of the Class. You need to decide whether you want to remain a member of the Class.

### 10. Am I part of this Class?

Judge Hayden decided that the Class consists of each person who:

- was named in a complaint filed by P&P in the Superior Court of New Jersey on behalf of NCFSI;
- filed an answer to the complaint;
- were sent a letter from P&P offering to settle the lawsuit if a specific sum of money were paid by a specific date; and
- the letter stated that, if the payment was timely received, it would end the lawsuit, and "Proof that the debt has been paid will be sent to the court and a copy to you so that you can advise the credit bureau."

You are receiving this Notice because P&P identified you as someone who is a member of the Class.

### 11. Which letter recipients are included?

All natural persons are included in the Class:

- who were sent the letter after being sued to collect a debt alleged to be owed to New Century Financial Services, Inc. are included in the Class, and
- the letter is dated on or after December 17, 2010 but on or before July 2, 2012.

### 12. Is there anyone not included in the Class?

Yes. There are certain people who are not members of the Class even if they were sent the letter. People whose letter was returned by the postal service to P&P are not included.

Other people are excluded if, before September 27, 2013 (which is the date when the Court certified the Class), the person:

- died,
- filed for bankruptcy,
- brought his or her own claim against P&P in court or in an arbitration alleging that P&P had violated the FDCPA, or
- signed a release waiving claims against P&P.

### 13. I'm still not sure if I am included?

If you are still not sure whether you are included, you can get free help contacting Class Counsel. Contact information for Class Counsel is provided under Question 23, below.

## YOUR RIGHTS AND OPTIONS

You have to decide whether to stay in the Class or ask to be excluded before the trial, and you have to decide this now.

### 14. What happens if I do nothing at all?

You don't have to do anything now if you want to keep the possibility of getting money or benefits from this class action

lawsuit. By doing nothing you are staying in the Class.

If you stay in and the Plaintiffs obtain money or benefits, either as a result of the trial or a settlement, you will be notified about receiving your share (or how to ask to be excluded from any settlement).

Keep in mind that if you do nothing now, regardless of whether the Plaintiffs win or lose the trial, you will not be able to sue, or continue to sue P&P—as part of any other lawsuit—about the same legal claims that are the subject of this lawsuit. This means that if you do nothing, you will not be able to sue for violations of the FDCPA based on the letter. You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action.

## 15. Why would I ask to be excluded?

You must decide whether you want to be legally bound by the Court's judgment in this class action.

If you do not want to be bound, then you must exclude yourself from the Class. If you exclude yourself from the Class—which also means to remove yourself from the Class, and is sometimes called "opting-out" of the Class— you won't get any money or benefits from this lawsuit even if the Plaintiffs obtain them as a result of the trial or from any settlement (that may or may not be reached) between P&P and the Plaintiffs. You also will not be bound if P&P wins.

You may want to exclude yourself if you already have your own lawsuit or want to start one against P&P. If you start your own lawsuit after you exclude yourself, you'll have to hire your own lawyer and you'll have to prove your claims. If you exclude yourself to start your own lawsuit against P&P, you should talk to your own lawyer soon because your claims may be subject to a statute of limitations.

### 16. How to I ask the Court to exclude me from the Class?

To ask to be excluded, you **MUST** mail a letter to Class Counsel and Defense Counsel. Please address the envelopes as follows:

> TO CLASS COUNSEL:
>
> > Philip D. Stern, Esq.
> >
> > NOTICE OF EXCLUSION
> >
> > 697 Valley Street, Suite 2d
> >
> > Maplewood, NJ 07040
>
> TO DEFENSE COUNSEL:
>
> > Mitchell L. Williamson, Esq.
> >
> > RE: WILLIAMS/SETNESKA CLASS ACTION
> >
> > Pressler and Pressler, LLP
> >
> > 7 Entin Road
> >
> > Parsippany, NJ 07054

Your letter **MUST** include:

> a)   your name,
>
> b)   your address, and
>
> c)   your request that you want to be excluded from the Class in *Williams, et al. v. Pressler and Pressler, LLP*.

You **MUST** mail your letter no later than June 30, 2014.

## THE LAWYERS REPRESENTING YOU

### 17. Do I have a lawyer in this case?

The Court has decided that Philip D. Stern, Esq. is qualified to represent you and all Class Members. Mr. Stern is called "Class Counsel." He is experienced in handling similar cases

against debt collectors. More information about Mr. Stern, his legal practice, and his experience is available at

**www.philipstern.com**

### 18  Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

### 19. How will the lawyers be paid?

If Class Counsel is successful in proving that the P&P violated the FDCPA, he is permitted to ask the Court for fees and expenses. You won't have to pay these fees and expenses. If the Court grants Class Counsel's request, the fees and expenses will be paid separately by P&P.

If the Court awards statutory damages to either the Plaintiffs or to the Class, no portion of those damages will be taken to pay Class Counsel's fees or expenses.

### THE TRIAL

The Court has not yet scheduled a trial date. If the Court decides that a trial is needed, it will be held in the United States District Court for the District of New Jersey at the United States Post Office and Courthouse, 2 Federal Square, Newark, New Jersey.

You may obtain information about whether there will be a trial and, if so, the trial date by following the instructions under Question 23, below.

## 20. How and when will the Court decide who is right?

As long as this case isn't resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims at a trial.

## 21. Do I have to come to the trial?

You do not need to attend the trial. Class Counsel will present the case for the Plaintiffs, and P&P will present the defenses. You, or your own lawyer, are welcome to come at your own expense.

## 22. Will I get money after the trial?

If the Plaintiffs obtain money or benefits as a result of the trial or a settlement, you will be notified. We do not know how long this will take.

## GETTING MORE INFORMATION

## 23. Are more details available?

Do not contact the Court for legal questions or advice.

You may obtain information about this case in several ways.

a) Copies of documents filed in this case which are public records may be:

- Reviewed during regular business hours at the Office of the Clerk of the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Room 4015, Newark, NJ 07101. You will need to provide the name of the lawsuit and the docket number: *Williams, et al. v. Pressler and Pressler, LLP*, Civil Action No. 2:11-cv-07296-KSH-CLW.

- Viewed and downloaded by creating an account with Public Access to Court Electronic Records ("PACER"). Fees may apply. More information about how to access and create a PACER account is available by visiting **http://www.pacer.gov/**

b) Selected documents filed in this case may be found on the website of Class Counsel:

**http://PresslerClass.philipstern.com/**

c) Contacting Class Counsel by calling (973) 379-7500 or by writing to:

Philip D. Stern, Esq.
Philip D. Stern Attorney at Law, LLC
697 Valley Street, Suite 2d
Maplewood, NJ 07040

Dated: [Month XX, 2014]

---

**PRESSLER** AND **PRESSLER, L.L.P.**

COUNSELLORS AT LAW
7 Entin Road
Parsippany, NJ 07054-5020
off: (973) 753-5100
Fax: (973) 753-5353

PATRICK H. PRESSLER(1930-2002)
SHELDON H. PRESSLER

GERARD J. FELT
STEVEN P. MCCANE
LAWRENCE J. MCDERMOTT, JR.

MITCHELL L. WILLIAMSON
THOMAS R. BROADA
RALPH GULKO
JOANNE L. D'AURIZIO
CHRISTOPHER P. ODOGBILI

DALE L. GELBER
CRAIG A. STILLER*
STEVEN A. LANG
LESLIE L. PRESSER
MICHAEL J. PETERS
RITA R. AYOOB

DARYL J. KIPNIS
DARREN N. TRAXRA
MITCHELL S. SIMBIK
DANIEL B. SULLIVAN
GURA A. 10 BUK

* NY State License Only

NY Office
305 Broadway
8th Floor
New York, NY 10007
Off: (518)222-7929
Fax: (973)753-5353
Reply to [X] NJ Office [ ] NY Office

OFFICE HOURS:
Monday-Thursday: 8am-9pm
Friday: 8am-7pm
Saturday: 9am-4pm

01/12/11

P&P FILE #:

Re:   NEW CENTURY FINANCIAL SERVICES, INC. v.
      Docket #
      Superior Court of New Jersey: Law Division

Dear             :

You are hereby offered a significant savings on your                account
         now owned by NEW CENTURY FINANCIAL SERVICES, INC. . As you probably  know,
this office has filed a lawsuit against you in which the amount claimed is $      .  This
includes costs and other amounts the creditor is seeking. If you  can  make  a  payment  of
$     ,   % of the amount claimed by                    , it will be accepted  as
payment in full, a savings to you of $      from the amount claimed in the lawsuit.

This payment will satisfy the pending lawsuit. Proof that the debt has been  paid  will  be
sent to the court and a copy to you so that you can advise the credit bureau.  If  you  are
unable to pay the   %, we can accept $      down (  % of the full balance) and enter into
acceptable arrangements on the remaining   % when you call this office.

If there are any special circumstances that need to be considered or you  wish  to  pay  by
phone, please call the office toll  free  at  1-888-312-8600  Ext  5368  or anyone  in  my
department at 5105 . Mail your check payable to NEW CENTURY FINANCIAL SERVICES, INC. , write
file number    and enclose in the postage paid envelope or  complete  the  credit  card
authorization form at the bottom of this letter. You must  act  swiftly  to  accept  these
offers. **Please Note:** After               this offer may be null and void.  We
are not obligated to renew this offer. This offer does not apply to payments or arrangements
to pay made prior to this notification.

Thank you,

For faster processing, pay by phone using a check, credit card (MasterCard, Visa or American
Express) or debit card with a Visa or MasterCard logo. Payments can also  be  made  on  our
website www.paypressler.com, or by Western Union. Please call them at 1-800-325-6000 for the
nearest agent and mention code city: ( Pressler, State: NJ).
_____
Name as it appears on Credit Card_____/Street # & Zip_____
Expires ____/____   Credit Card #_____/Security Code_____
Amount $ _____   Signature _____

THIS COMMUNICATION IS FROM A DEBT COLLECTOR.